```
1  McGREGOR W. SCOTT
   United States Attorney
2  KRISTIN S. DOOR, SBN 84307
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916)554-2723

5  Attorney for Plaintiff
   United States of America
```

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:07-CV-02105 WBS-KJM |
| Plaintiff, | |
| v. | **STIPULATION AND ORDER FOR STAY** |
| REAL PROPERTY LOCATED AT 13 BLIZZARD MINE ROAD, WILSEYVILLE, CALIFORNIA, CALAVERAS COUNTY, APN: 012-011-004, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | Judge: Hon. William B. Shubb |
| Defendant. | No. 2:07-CV-02114 WBS-KJM |
| UNITED STATES OF AMERICA, | **STIPULATION AND ORDER FOR STAY** |
| Plaintiff, | |
| v. | Judge: Hon. William B. Shubb |
| REAL PROPERTY LOCATED AT 24545 N. SUTTENFIELD ROAD, ACAMPO, CALIFORNIA, SAN JOAQUIN COUNTY, APN: 021-042-16, | |
| Defendant | |

Plaintiff United States of America, and Claimants William Pearce

and Kristin Burckard, by and through their respective counsel, hereby stipulate that a stay is necessary in the above-entitled actions, and request that the Court enter an order staying all further proceedings for a period of six months pending the outcome of a related criminal investigation against Claimants.

1.  On October 5, 2007, plaintiff filed the above-captioned complaints for forfeiture *in rem* against real properties owned by William H. Pearce and Kristin Burckard.  Claimant Pearce has filed claims to the defendant properties described in the captions above, and has filed answers to the plaintiff's complaints.  Claimant Kristin Burckard has filed a claim to the Suttenfield Road property and has filed an answer to the complaint plaintiff filed against that property.

2.  The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2).  With respect to the Suttenfield property, the plaintiff contends that proceeds from marijuana trafficking were used to pay down a line of credit against the property, and that the defendant property is therefore forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).  As an alternate theory the plaintiff alleges that the property was involved in a money laundering transaction (the use of the proceeds of a "specified unlawful activity" (drug trafficking) to pay off part of a lien against the property) and is therefore forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A) for violations of the money laundering statute, 18 U.S.C. § 1957.  With respect to the Blizzard Mine Road property, the plaintiff alleges that the property is forfeitable for the same reasons as the Suttenfield property, and for the additional reason that it was used to cultivate marijuana and is therefore forfeitable pursuant to 21 U.S.C. § 881(a)(7).

3.  To date claimants have not been charged with any criminal

offense by state, local, or federal authorities, and the statute of limitations has not expired on potential criminal charges relating to the drug trafficking offenses underlying the forfeiture cases. Nevertheless, the plaintiff intends to depose claimants regarding their involvement in marijuana trafficking; their use of drug proceeds to pay off lines of credit against the property; and the cultivation of marijuana at the Blizzard Mine Road property.  If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment right against self-incrimination and losing the ability to pursue their claims to the defendant real property, or waiving their Fifth Amendment right and submitting to a deposition and potentially incriminating themselves.  If they invoke their Fifth Amendment rights, the plaintiff will be deprived of the ability to explore the factual basis for the claims each filed with this court.

    4.   In addition, claimants intend to depose the law enforcement officers involved in this investigation.  Allowing depositions of the law enforcement officers at this time would adversely affect the ability of federal authorities to investigate the underlying criminal conduct.

    5.   The parties recognize that proceeding with this action at this time has potential adverse affects on the investigation of the underlying criminal conduct and/or upon claimant's ability to prove his claim to the property and assert any defenses to forfeiture.  For these reasons, the parties jointly request that this matter be stayed for six months.  At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

6. The parties request that the status conference currently scheduled for March 10, 2008, be vacated and rescheduled to sometime in September, 2008.

```
Dated: March 3, 2008          McGREGOR W. SCOTT
                              United States Attorney


                         By   /s/ Kristin S. Door
                              KRISTIN S. DOOR
                              Assistant U.S. Attorney
                              Attorneys for Plaintiff
                              United States of America



                              DANIEL J. BRODERICK
                              Federal Defender


Dated: March 3, 2008     By   /s/ Timothy Zindel
                              TIMOTHY ZINDEL
                              Assistant Federal Defender
                              Attorney for claimant
                              William Pearce


Dated:  March 3, 2008         /s/ Krista Hart
                              KRISTA HART
                              Attorney for claimant
                              Kristin Burckard
```

//

//

-4-

```
1  Dated: March 3, 2008              /s/ Scott J. Stilman
                                     SCOTT J. STILMAN
2                                    Attorney for claimant
                                     WASHINGTON MUTUAL BANK
3
```

**O R D E R**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) for a period of six months. The status conference scheduled for March 10, 2008 is vacated and is rescheduled to **September 8, 2008 at 2:00 p.m.** at which time the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: March 4, 2008

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE