1    McGREGOR W. SCOTT
      United States Attorney
2    KRISTIN S. DOOR, SBN 84307
      Assistant U.S. Attorney
3    501 I Street, Suite 10-100
      Sacramento, CA 95814
4    Telephone: (916)554-2723

5    Attorney for Plaintiff
      United States of America

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| 11 | ) | |
| | UNITED STATES OF AMERICA, ) | 2:07-cv-02114 WBS/KJM |
| 12 | ) | |
| | Plaintiff, ) | STIPULATION TO EXTEND STAY AND |
| 13 | ) | ORDER THEREON [~~PROPOSED~~] |
| | v. ) | |
| 14 | ) | |
| | REAL PROPERTY LOCATED AT 24545 N. ) | DATE: September 8, 2008 |
| 15 | SUTTENFIELD ROAD, ACAMPO, ) | TIME: 2:00 p.m. |
| | CALIFORNIA, SAN JOAQUIN COUNTY, ) | COURTROOM: 5 |
| 16 | APN: 021-042-16, ) | |
| | ) | |
| 17 | Defendant. ) | |
| | _____) | |
| 18 | ) | |
| | UNITED STATES OF AMERICA, ) | 2:08-cv-00577 WBS/KJM |
| 19 | ) | |
| | Plaintiff, ) | |
| 20 | ) | |
| | v. ) | |
| 21 | ) | |
| | APPROXIMATELY $26,395.00 IN U.S. ) | |
| 22 | CURRENCY, ) | |
| | ) | |
| 23 | APPROXIMATELY $10,880.00 IN U.S. ) | |
| | CURRENCY, ) | |
| 24 | ) | |
| | APPROXIMATELY $5,000.00 IN U.S. ) | |
| 25 | CURRENCY, ) | |
| | ) | |
| 26 | APPROXIMATELY $9,932.73 IN U.S. ) | |
| | CURRENCY SEIZED FROM WASHINGTON ) | |
| 27 | MUTUAL BANK, CD, ACCOUNT NUMBER ) | |
| | 09414284883, ) | |
| 28 | ) | |

```
 1    APPROXIMATELY $9,966.82 IN U.S.      )
      CURRENCY SEIZED FROM WASHINGTON      )
 2    MUTUAL BANK ACCOUNT NUMBER           )
      093400000117054,                     )
 3                                         )
      APPROXIMATELY $26,712.81 IN U.S.     )
 4    CURRENCY SEIZED FROM WASHINGTON      )
      MUTUAL BANK ACCOUNT NUMBER           )
 5    093400000117020,                     )
                                           )
 6    APPROXIMATELY $2,976.06 IN U.S.      )
      CURRENCY SEIZED FROM WASHINGTON      )
 7    MUTUAL BANK ACCOUNT NUMBER           )
      009300008192250,                     )
 8                                         )
      APPROXIMATELY $413.67 IN U.S.        )
 9    CURRENCY SEIZED FROM WELLS FARGO     )
      ACCOUNT NUMBER 056-4346773, and      )
10                                         )
      MISCELLANEOUS GROW EQUIPMENT,        )
11                                         )
                    Defendants.            )
12    _____  )
```

13         Plaintiff United States of America, and Claimants William Pearce

14    (a claimant in both cases) and Kristin Burckard (a claimant only in the

15    N. Suttenfield Road case), and Washington Mutual Bank (a

16    claimant/lienholder in the N. Suttenfield Road case) by and through

17    their respective counsel, hereby stipulate that a stay is necessary in

18    the above-entitled actions, and request that the Court enter an order

19    staying all further proceedings for an additional six months pending

20    the outcome of a related criminal investigation against Claimants.

21         1.   On October 5, 2007, plaintiff filed a complaint for forfeiture

22    in rem against the N. Suttenfield Road property [1] owned by William H.

23    Pearce and Kristin Burckard.  On March 13, 2008, plaintiff filed a

24    complaint for forfeiture in rem against the defendant currency and

25    equipment.  Claimant Pearce has filed claims in both actions, and has

26    filed answers to the plaintiff's complaints.  Claimant Kristin Burckard

27

28         [1]    The plaintiff also filed a complaint against property on
      Blizzard Mine Road owned by claimant Pearce but that case was dismissed
      earlier this year due to a decline in equity in the property.

-2-

1   has filed a claim to the N. Suttenfield Road property and has filed an

2   answer to the complaint.

3       2.   The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and

4   981(g)(2).   With respect to the N. Suttenfield property, the plaintiff

5   contends that proceeds from marijuana trafficking were used to pay down

6   a line of credit against the property, and that the defendant property

7   is therefore forfeitable to the United States pursuant to 21 U.S.C.

8   § 881(a)(6).  As an alternate theory the plaintiff alleges that the

9   property was involved in a money laundering transaction (the use of the

10  proceeds of a "specified unlawful activity" (drug trafficking) to pay

11  off part of a lien against the property) and is therefore forfeitable

12  pursuant to 18 U.S.C. § 981(a)(1)(A) for violations of the money

13  laundering statute, 18 U.S.C. § 1957.  With respect to the second

14  case, the plaintiff alleges that the currency is forfeitable because it

15  is the proceeds of drug trafficking.  The property described as

16  "miscellaneous grow equipment" is forfeitable pursuant to 21 U.S.C.

17  § 881(a)(9) because it was used to grow marijuana.

18      3.   The criminal investigation that led to these civil forfeiture

19  actions has been slowed considerably by factors outside the

20  government's control.  During the searches in the fall of 2007, federal

21  agents seized seven computers owned by claimant Pearce.  Due to the

22  complex passwords on the computers, it took forensic computer experts

23  months to break the passwords and gain access to the data on the hard

24  drives.  During a search of the hard drive agents encountered documents

25  that were potentially privileged as attorney-client communications.

26  Accordingly, an IRS agent unconnected with the investigations reviewed

27  all the documents on the computers and made a preliminary determination

28  as to which documents were potentially privileged.  Those documents are

now being reviewed by an Assistant U.S. Attorney unconnected with the criminal investigation.  Once the privileged documents are identified, the non-privileged documents will be provided to the law enforcement agents for their review.  This review may be very time-consuming since seven computers are involved.

4.    Because of the delays in gaining access to the data on the computers, to date claimants have not been charged with any criminal offense by state, local, or federal authorities, and the statute of limitations has not expired on potential criminal charges relating to the drug trafficking offenses underlying the forfeiture cases. Nevertheless, the plaintiff intends to depose claimants regarding their involvement in marijuana trafficking; their use of drug proceeds to pay off lines of credit against the property; and the cultivation of marijuana at the Blizzard Mine Road property.  (The forfeiture action against the Blizzard Mine property was dismissed for the reasons set forth in footnote 1.)  If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment right against self-incrimination and losing the ability to pursue their claims to the defendant real property, or waiving their Fifth Amendment right and submitting to a deposition and potentially incriminating themselves.  If they invoke their Fifth Amendment rights, the plaintiff will be deprived of the ability to explore the factual basis for the claims each filed with this court.

5.    In addition, claimants intend to depose the law enforcement officers involved in this investigation.  Allowing depositions of the law enforcement officers at this time would adversely affect the ability of federal authorities to investigate the underlying criminal conduct.

1      6.   The parties recognize that proceeding with this action at

2  this time has potential adverse affects on the investigation of the

3  underlying criminal conduct and/or upon claimant's ability to prove his

4  claim to the property and assert any defenses to forfeiture.   For these

5  reasons, the parties jointly request that this matter be stayed an

6  additional six months.   At that time the parties will advise the court

7  of the status of the criminal investigation, if any, and will advise

8  the court whether a further stay is necessary.

9      7.   The parties request that the status conference currently

10  scheduled for September 8, 2008, be vacated and rescheduled to sometime

11  in March, 2009.

12  Dated: August 25, 2008          McGREGOR W. SCOTT
                                    United States Attorney
13
                            By     /s/ Kristin S. Door
14                                  KRISTIN S. DOOR
                                    Assistant U.S. Attorney
15                                  Attorneys for Plaintiff
                                    United States of America
16
17                                  DANIEL J. BRODERICK
                                    Federal Defender
18
    Dated: August 25, 2008   By     /s/ Timothy Zindel
19                                  TIMOTHY ZINDEL
                                    Assistant Federal Defender
20                                  Attorney for claimant
                                    William Pearce
21
22  Dated: August 25, 2008          /s/ Krista Hart
                                    KRISTA HART
23                                  Attorney for claimant
                                    Kristin Burckard
24
25  Dated: August 26, 2008          /s/ Scott J. Stilman
                                    SCOTT J. STILMAN
26                                  Attorney for claimant
                                    WASHINGTON MUTUAL BANK
27

28

**O R D E R**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) for a period of six months.  The status conference scheduled for September 8, 2008 is vacated and will be rescheduled to **March 9, 2009 at 2:00 p.m.** at which time the parties will advise the court whether a further stay is necessary.


IT IS SO ORDERED.


Dated: August 27, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE