```
 1  LAWRENCE G. BROWN
    Acting United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorney for Plaintiff
    United States of America
 6

 7

 8                  IN THE UNITED STATES DISTRICT COURT

 9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11                                    )
    UNITED STATES OF AMERICA,         )   2:07-cv-02114 WBS/KJM
12                                    )
                 Plaintiff,           )   STIPULATION TO EXTEND STAY AND
13                                    )   ORDER THEREON [PROPOSED]
         v.                           )
14                                    )
    REAL PROPERTY LOCATED AT 24545 N. )   DATE: March 9, 2009
15  SUTTENFIELD ROAD, ACAMPO,         )   TIME: 2:00 p.m.
    CALIFORNIA, SAN JOAQUIN COUNTY,   )   COURTROOM: 5
16  APN: 021-042-16,                  )
                                      )
17               Defendant.           )
    _____)
18                                    )
    UNITED STATES OF AMERICA,         )   2:08-cv-00577 WBS/KJM
19                                    )
                 Plaintiff,           )
20                                    )
         v.                           )
21                                    )
    APPROXIMATELY $26,395.00 IN U.S.  )
22  CURRENCY,                         )
                                      )
23  APPROXIMATELY $10,880.00 IN U.S.  )
    CURRENCY,                         )
24                                    )
    APPROXIMATELY $5,000.00 IN U.S.   )
25  CURRENCY,                         )
                                      )
26  APPROXIMATELY $9,932.73 IN U.S.   )
    CURRENCY SEIZED FROM WASHINGTON   )
27  MUTUAL BANK, CD, ACCOUNT NUMBER   )
    09414284883,                      )
28                                    )
```

| | |
|---|---|
| 1 | APPROXIMATELY $9,966.82 IN U.S. CURRENCY SEIZED FROM WASHINGTON MUTUAL BANK ACCOUNT NUMBER 093400000117054, |
| 2 | |
| 3 | |
| | APPROXIMATELY $26,712.81 IN U.S. CURRENCY SEIZED FROM WASHINGTON MUTUAL BANK ACCOUNT NUMBER 093400000117020, |
| 4 | |
| 5 | |
| 6 | APPROXIMATELY $2,976.06 IN U.S. CURRENCY SEIZED FROM WASHINGTON MUTUAL BANK ACCOUNT NUMBER 009300008192250, |
| 7 | |
| 8 | |
| 9 | APPROXIMATELY $413.67 IN U.S. CURRENCY SEIZED FROM WELLS FARGO ACCOUNT NUMBER 056-4346773, and |
| 10 | |
| 11 | MISCELLANEOUS GROW EQUIPMENT, |
| 12 | Defendants. |

Plaintiff United States of America, and Claimants William Pearce (a claimant in both cases) and Kristin Burckard (a claimant only in the N. Suttenfield Road case), and Washington Mutual Bank (a claimant/lienholder in the N. Suttenfield Road case) by and through their respective counsel, hereby stipulate that a stay is necessary in the above-entitled actions, and request that the Court enter an order staying all further proceedings for an additional six months pending the outcome of a related criminal investigation against Claimants.

1. On October 5, 2007, plaintiff filed a complaint for forfeiture *in rem* against the N. Suttenfield Road property [1] owned by William H. Pearce and Kristin Burckard. On March 13, 2008, plaintiff filed a complaint for forfeiture *in rem* against the defendant currency and equipment. Claimant Pearce has filed claims in both actions, and has filed answers to the plaintiff's complaints. Claimant Kristin Burckard

---

[1] The plaintiff also filed a complaint against property on Blizzard Mine Road owned by claimant Pearce but that case was dismissed earlier last year due to a decline in equity in the property.

has filed a claim to the N. Suttenfield Road property and has filed an answer to the complaint.

2. The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2). With respect to the N. Suttenfield property, the plaintiff contends that proceeds from marijuana trafficking were used to pay down a line of credit against the property, and that the defendant property is therefore forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6). As an alternate theory the plaintiff alleges that the property was involved in a money laundering transaction (the use of the proceeds of a "specified unlawful activity" (drug trafficking) to pay off part of a lien against the property) and is therefore forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A) for violations of the money laundering statute, 18 U.S.C. § 1957. With respect to the second case, the plaintiff alleges that the currency is forfeitable because it is the proceeds of drug trafficking. The property described as "miscellaneous grow equipment" is forfeitable pursuant to 21 U.S.C. § 881(a)(9) because it was used to grow marijuana.

3. The criminal investigation that led to these civil forfeiture actions has been slowed considerably by factors outside the government's control. During the searches in the fall of 2007, federal agents seized seven computers owned by claimant Pearce. Due to the complex passwords on the computers, it took forensic computer experts months to break the passwords and gain access to the data on the hard drives. During a search of the hard drive agents encountered documents that were potentially privileged as attorney-client communications. Accordingly, an IRS agent unconnected with the investigations reviewed all the documents on the computers and made a preliminary determination as to which documents were potentially privileged. Those documents

were reviewed by retired Assistant U.S. Attorney Tom Flynn who is not connected with the criminal investigation. Mr. Flynn has provided a report to the prosecutor regarding his review. The prosecutor is reviewing that report and will determine which documents, if any, can be used in the criminal case.

4. Because of the delays in first gaining access to the data on the computers, and thereafter, reviewing the potentially privileged documents, claimants have not yet been charged with any criminal offense by state, local, or federal authorities, and the statute of limitations has not expired on potential criminal charges relating to the drug trafficking offenses underlying the forfeiture cases. Nevertheless, the plaintiff intends to depose claimants regarding their involvement in marijuana trafficking; their use of drug proceeds to pay off lines of credit against the property; and the cultivation of marijuana at the Blizzard Mine Road property. (The forfeiture action against the Blizzard Mine property was dismissed for the reasons set forth in footnote 1.) If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment right against self-incrimination and losing the ability to pursue their claims to the defendant real property, or waiving their Fifth Amendment right and submitting to a deposition and potentially incriminating themselves. If they invoke their Fifth Amendment rights, the plaintiff will be deprived of the ability to explore the factual basis for the claims each filed with this court.

5. In addition, claimants intend to depose the law enforcement officers involved in this investigation. Allowing depositions of the law enforcement officers at this time would adversely affect the ability of federal authorities to investigate the underlying criminal

1 | conduct.

2 |     6. The parties recognize that proceeding with this action at this time has potential adverse affects on the investigation of the underlying criminal conduct and/or upon claimant's ability to prove his claim to the property and assert any defenses to forfeiture. For these reasons, the parties jointly request that this matter be stayed an additional six months. At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

    7. The parties request that the status conference currently scheduled for March 9, 2009, be vacated andrescheduled to sometime in September, 2009.

```
Dated: March 4, 2009          LAWRENCE G. BROWN
                              Acting United States Attorney

                         By   /s/ Kristin S. Door
                              KRISTIN S. DOOR
                              Assistant U.S. Attorney
                              Attorneys for Plaintiff
                              United States of America


                              DANIEL J. BRODERICK
                              Federal Defender

Dated: March 5, 2009     By   /s/ Timothy Zindel
                              TIMOTHY ZINDEL
                              Assistant Federal Defender
                              Attorney for claimant
                              William Pearce


Dated: March 4, 2009          /s/ Krista Hart
                              KRISTA HART
                              Attorney for claimant
                              Kristin Burckard
```

//
//

1  Dated: March 5, 2009            /s/ Scott J. Stilman
                                   SCOTT J. STILMAN
                                   Attorney for claimant
                                   JPMorgan Chase Bank, N.A,
                                   an acquirer of certain assets and
                                   liabilities of Washington Mutual
                                   Bank from the FDIC acting as receiver

**O R D E R**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) for a period of six months. The status conference scheduled for March 9, 2009 is vacated and will be rescheduled to **September 21, 2009 at 2:00 p.m.** at which time the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: March 9, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE