UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,               NO. 2:07-2114 WBS EFB

          Plaintiff,

     v.

REAL PROPERTY LOCATED AT 24545
N. SUTTENFIELD ROAD, ACAMPO,
CALIFORNIA, SAN JOAQUIN COUNTY,
APN: 021-042-16, INCLUDING ALL
APPURTENANCES AND IMPROVEMENTS
THERETO,

          Defendant.
_____/

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

          After reviewing plaintiff and claimants William H.
Pearce, Kristin Burckard, and JP Morgan Chase Bank, N.A.'s
("parties") Joint Status Report, the court hereby makes the
following findings and orders without needing to consult with the
parties any further.

          I.   SERVICE OF PROCESS

          The potential claimants have been served and no further

1

service is permitted without leave of court, good cause having

been shown under Federal Rule of Civil Procedure 16(b).

## II.  JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to

pleadings will be permitted except with leave of court, good

cause having been shown under Federal Rule of Civil Procedure

16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604

(9th Cir. 1992).

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1345

(action commenced by the United States) and 28 U.S.C. § 1355

(forfeiture).  Venue is undisputed and is hereby found to be

proper.

## IV.  DISCOVERY

Pursuant to Federal Rule of Civil Procedure

26(a)(1)(B)(ii), this action is exempt from the initial

disclosure requirements because it is "a forfeiture action in rem

arising from a federal statute."

The parties shall disclose experts and produce reports

in accordance with Federal Rule of Civil Procedure 26(a)(2) by no

later than May 1, 2011.  With regard to expert testimony intended

solely for rebuttal, those experts shall be disclosed and reports

produced in accordance with Federal Rule of Civil Procedure

26(a)(2) on or before June 1, 2011.  The parties agree that any

report prepared by a non-retained expert witness in the course of

the underlying criminal investigation will satisfy the

requirement of the production of a "report" under Federal Rule of

Civil Procedure 26(a)(2)(B).

1   All discovery, including depositions for preservation
2   of testimony, is left open, save and except that it shall be so
3   conducted as to be <u>completed</u> by July 1, 2011.  The word
4   "completed" means that all discovery shall have been conducted so
5   that all depositions have been taken and any disputes relevant to
6   discovery shall have been resolved by appropriate order if
7   necessary and, where discovery has been ordered, the order has
8   been obeyed.  All motions to compel discovery must be noticed on
9   the magistrate judge's calendar in accordance with the local
10  rules of this court and so that such motions may be heard (and
11  any resulting orders obeyed) not later than July 1, 2011.

12          V.   <u>MOTION HEARING SCHEDULE</u>

13          All motions, except motions for continuances, temporary
14  restraining orders, or other emergency applications shall be
15  filed on or before September 2, 2011.  All motions shall be
16  noticed for the next available hearing date.  Counsel are
17  cautioned to refer to the local rules regarding the requirements
18  for noticing and opposing such motions on the court's regularly
19  scheduled law and motion calendar.

20          VI.  <u>FINAL PRETRIAL CONFERENCE</u>

21          The Final Pretrial Conference is set for November 14,
22  2011, at 2:00 p.m. in Courtroom No. 5.  The conference shall be
23  attended by at least one of the attorneys who will conduct the
24  trial for each of the parties and by any unrepresented parties.

25          Counsel for all parties are to be fully prepared for
26  trial at the time of the Pretrial Conference, with no matters
27  remaining to be accomplished except production of witnesses for
28  oral testimony.  Counsel shall file separate pretrial statements,

3

and are referred to Local Rules 281 and 282 relating to the
contents of and time for filing those statements.  In addition to
those subjects listed in Local Rule 281(b), the parties are to
provide the court with: (1) a plain, concise statement which
identifies every non-discovery motion which has been made to the
court, and its resolution; (2) a list of the remaining claims;
and (3) the estimated number of trial days.

In providing the plain, concise statements of
undisputed facts and disputed factual issues contemplated by
Local Rule 281(b)(3)-(4), the parties shall emphasize the claims
that remain at issue, and any remaining affirmatively pled
defenses thereto.  If the case is to be tried to a jury, the
parties shall also prepare a succinct statement of the case,
which is appropriate for the court to read to the jury.

VII.  <u>TRIAL SETTING</u>

The jury trial is set for January 31, 2012, at 9:00
a.m. in Courtroom No. 5.  The parties estimate that the jury
trial will last two weeks.

VIII. <u>SETTLEMENT CONFERENCE</u>

A Settlement Conference will be set at the time of the
Pretrial Conference.  All parties should be prepared to advise
the court whether they will stipulate to the trial judge acting
as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full
settlement authority present at the Settlement Conference or to
be fully authorized to settle the matter on any terms.  At least
seven calendar days before the Settlement Conference counsel for
each party shall submit a confidential Settlement Conference

1  Statement for review by the settlement judge.  If the settlement

2  judge is not the trial judge, the Settlement Conference

3  Statements shall not be filed and will not otherwise be disclosed

4  to the trial judge.

5           IX.  <u>MODIFICATIONS TO SCHEDULING ORDER</u>

6           Any requests to modify the dates or terms of this

7  Scheduling Order, except requests to change the date of the

8  trial, may be heard and decided by the assigned Magistrate Judge.

9  All requests to change the trial date shall be heard and decided

10 only by the undersigned judge.

11 DATED: February 7, 2011

12

13 _____

   WILLIAM B. SHUBB

14 UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                          5